IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STUART C. IRBY COMPANY, LLC**                                                                 **Plaintiff**

vs.                                                                                 Case No.  3:24-cv-538-TSL-MTP

**WINDS EXPLORATION AND
PRODUCTION, LLC, and
FRANKLIN IHEKWOABA**                                                           **Defendants**

## COMPLAINT

Stuart C. Irby Company, LLC ("Irby") files this complaint against Winds Exploration and Production, LLC ("Winds") and Franklin Ihekwoaba ("Ihekwoaba") (collectively, Defendants").

### Parties

1. Plaintiff Irby is a Mississippi limited liability company. Irby's sole member, Sonepar USA Holdings, Inc., is a Delaware corporation with a principal place of business in Delaware.

2. Defendant Winds is a Texas limited liability company. Upon information and belief, Winds' sole member is Franklin Ihekwoaba. Mr. Ihekwoaba is a Texas citizen. Thus, Winds is a Texas citizen for diversity of jurisdiction purposes.

3. Defendant Ihekwoaba a citizen of the state of Texas.

### Jurisdiction

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## Venue

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Irby's claims occurred in this judicial district.

6. Venue also is proper in this Court because a provision of the contract at issue in this lawsuit contains a forum selection clause that allows Irby to lay venue in this Court. *See Design Precast & Pipe, Inc. v. Brown Indus. Constr., LLC*, 667 F. Supp. 3d 216, 233 (S.D. Miss. 2023) (citing *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998) (quoting *M/S BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–13, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)).

## Facts

7. Irby sells electrical materials for use in construction projects.

8. Winds is an electrical contractor.

9. Ihekwoaba is an officer and a member of Winds.

10. On December 7, 2022, Ihekwoaba submitted an Irby Application for Credit and Billing Information (the "Agreement") on Winds' behalf to establish an open account with Irby.

11. A copy of the Agreement is attached to the complaint as Exhibit 1.

12. The Agreement also contains a section titled "Personal Guaranty" (the "Guaranty").

13. The Guaranty makes the guarantor who executes it personally liable to Irby for amounts Winds owed to Irby at the time the guarantor executed the Guaranty as well as any amounts Winds might owe Irby in the future.

14. Ihekwoaba executed the Guaranty on December 7, 2022. *See* Exhibit 1.

15. In December 2022, Winds purchased electrical materials from Irby for use in a construction project.

16. Winds did not fully pay Irby for the materials it purchased from Irby.

17. A copy of the invoice (the "Material Invoice") reflecting the materials Winds purchased from Irby, but for which Winds did not fully pay Irby, is attached as Exhibit 2.

18. A spreadsheet listing the Material Invoice and reflecting the total principal amount ("Principal Amount") owed to Irby for the Materials is attached as Exhibit 3.

19. The Principal Amount is $112,055.00.

20. The Material Invoice referred Winds to Irby's website for the Terms and Conditions of Sale ("Sales Terms") that applied to the Material Invoice.

21. An accurate copy of the Sales Terms is attached as Exhibit 4.

22. The Sales Terms allow Irby to collect a 1.5% per month service charge on any Irby invoice not paid by its due date.

23. The service charges continue to accrue until the delinquent amount is collected.

24. Irby sent Winds invoices for the service charges ("Service Charge Invoices") that Winds incurred over time.

25. The Service Charge Invoices reflect service charges for invoices for materials that either were never paid or that were paid but were paid well after the due date.

26. Exhibit 3 calculates service charges accrued on the Principal Amount from February 17, 2024 through September 10, 2024, and the amount of those accrued service charges on that date was $30,959.71.

27. The Sales Terms also provide that Irby can recover its attorneys' fees and costs incurred to collect any amounts Winds owes to Irby.

### Claim No. 1 – Breach of Contract

28. Irby incorporates the previous allegations presented in this Complaint.

29. A contract existed between Irby and Winds in which Irby sold Winds materials on an open account.

30. Winds breached that contract by not paying for the materials.

31. Irby suffered damages as a result of that breach.

32. Irby is entitled to recover from Winds the outstanding principal balance of Winds' account, accrued service charges, and attorneys' fees and other costs of collection as a result of Winds' breach.

### Claim No. 2 – Enforcement of Rights under the Guaranty

33. Irby reasserts the statements presented in the preceding paragraphs as if fully recited herein.

34. The Guaranty is a valid guaranty by Ihekwoaba of all amounts Winds owes Irby.

35. Ihekwoaba has not honored the Guaranty.

36. Irby is entitled to recover from Ihekwoaba all amounts Winds owes Irby.

### Claim No. 3 – Unjust Enrichment

37. Irby reasserts the statements presented in the preceding paragraphs as if fully recited herein.

38. Winds purchased electrical materials from Irby.

39. Winds retained the benefit of those materials without fully compensating Irby for them.

40. It would be unjust for Winds to maintain the benefit of the materials provided by Irby without compensating Irby for those materials.

ACCORDINGLY, Irby respectfully requests that the Court enter a judgment against Winds and Ihekwoaba awarding Irby the following relief:

A. making Winds liable to Irby for:

  (i) the Principal Amount;

  (ii) accrued service charges of 1.5% per month on each of the Invoices calculated from February 17, 2024 through the date of payment of each of the Invoices;

  (iii) pre and post judgment interest; and

  (iv) attorneys' fees and other costs of collection Irby incurs to collect the amounts owed to Irby;

B. making Ihekwoaba liable with Winds for the above-identified items in A(i), (ii), and (iii), and for 20% of the total of those items as attorneys' fees and costs; and

C. any other relief the Court deems appropriate.

Dated: September 10, 2024.

                      Respectfully submitted,

                      ATTORNEYS FOR PLAINTIFF STUART C. IRBY CO.

BY: */s/ Haley F. Gregory*
       BRIAN C. KIMBALL (MSB NO. 100787)
       HALEY F. GREGORY (MSB NO. 104532)

       ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel: (601) 948-5711
Fax: (601) 985-4500